# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED CENTRAL BANK, a Texas banking association organized and existing as a Texas corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No. 2013 cv 2415 |
| v. | )<br>) Property: 1900 Washington Street |
| HETAL PATEL, an individual | ) Waukegan, Illinois<br>) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT OF FORECLOSURE AND SALE AND TO APPOINT SPECIAL COMMISSIONER

Plaintiff, **UNITED CENTRAL BANK**, a state banking association organized and existing as a Texas corporation ("UCB" or "Plaintiff"), by its undersigned attorneys, Boodell & Domanskis, LLC, hereby moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of a Judgment of Foreclosure and Sale and to appoint The Judicial Sales Corporation as special commissioner pursuant to 735 ILCS 5/15-1507 and 28 U.S.C. § 2001(a). In support thereof, Plaintiff states as follows:

1. On April 1, 2013, Plaintiff filed its Complaint for Mortgage Foreclosure and to Enforce Promissory Notes (the "Complaint") against Defendant Hetal Patel. In Count I of the Complaint, Plaintiff seeks to foreclose a mortgage recorded against a property commonly known as 1900 Washington Street, Waukegan, Illinois (the "Property") that was granted as security for repayment of a $1,185,000.00 loan ("Loan") from Plaintiff's predecessor Mutual Bank to defendant Hetal Patel which was evidenced by a Promissory Note dated September 27, 2005 and the amendments and allonge thereto (the "Note") executed by Hetal Patel in favor of Mutual Bank in the original principal amount of $1,160,000.00 (later increased to $1,185,000.00).

{00326774 }   1

2. The Property is a parcel of commercial real estate improved with an operating gas station.

3. The Court entered an order of default against Hetal Patel by Minute Entry dated May 8, 2013 (Docket No. 6), and retained jurisdiction so that a final judgment of foreclosure order could be entered.

4. As the Court requested, UCB attempted to resolve this matter with Ms. Patel outside of court, but those discussions have been unsuccessful. Ms. Patel repeatedly represented to UCB that she has short sale offers for the property, but, despite repeated requests from UCB over an eight month period, Ms. Patel has proven difficult to communicate with, and has made many promises, but has never provided a listing agreement, a viable short sale offer, or a settlement offer to UCB. Settlement efforts having been unsuccessful, UCB is now seeking entry of a Judgment of Foreclosure and Sale. Plaintiff also intends to seek a money judgment against Hetal Patel following the judicial sale of the Property in the amount of any deficiency.[1]

5. In support, Plaintiff has attached the following exhibits to this Motion:

| | |
|---|---|
| Exhibit 1: | Complaint |
| Exhibit 2 | May 8, 2013 Minute Entry finding Defendant Hetal Patel in default |
| Exhibit 3: | Affidavit of Sam Radowick of Plaintiff ("Radowick Affidavit") |
| Exhibit 4: | Affidavit of Alexander R. Domanskis of Boodell & Domanskis, LLC ("Domanskis Affidavit") |
| Exhibit 5: | National Information Center Report on United Central Bank (www.ffiec.gov); FDIC Institution History for Mutual Bank (www.fdic.gov); Illinois Division of Banking report for Mutual Bank (www.obre.state.il.us); FDIC Press Release dated July 31, 2009 regarding Mutual Bank closing, |
| Exhibit 6: | Military Affidavit for Hetal Patel |

---

[1] As Plaintiff is seeking entry of separate deficiency judgments against Hetal Patel in connection with its mortgage foreclosure claim (Count I), Plaintiff does not seek relief by this Motion on its alternative Note Claim (Count II) but reserves all rights to do so.

6. Section 15-1506(a)(2) of the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101 *et seq.*, provides that where "all the allegations of fact in the complaint have been proven by verification of the complaint or affidavit, the court upon motion supported by an affidavit stating the amount which is due the mortgagee, shall enter a judgment of foreclosure as requested in the complaint." 735 ILCS 5/15-1506(a)(2).

7. For additional support of entry of a judgment of foreclosure and sale, Plaintiff submits the Radowick Affidavit to verify the allegations in Count I of the Complaint and the amounts due Plaintiff, not including foreclosure costs and attorney's fees, and the Domanskis Affidavit, as to the fees and expenses incurred by undersigned counsel.

8. As set forth in the Radowick Affidavit and Domanskis Affidavit, there is due and owing to Plaintiff the following amounts, including principal, interest, late charges, legal fees, and appraisal fees, but excluding interest, attorney's fees and certain other expenses incurred by Plaintiff after March 31, 2014, with interest accruing at a $222.91 per diem:

| | |
|---|---|
| Unpaid principal (as of 3-31-2014) | $1,069,983.33 |
| Interest due (as of 3-31-2014) | $ 268,599.89 |
| Late Charges | $ 2,905.17 |
| Legal Fees (through 3-31-2014) | $ 6,739.70 |
| Appraisal Fees | $ 16,250.00 |
| **Total** | **$1,364,477.89** plus interest accruing after March 31, 2014, other expenses incurred but not yet booked as of March 31, 2014, and attorney's fees incurred in connection with enforcing the loan documents after March 31, 2014 |

9. The Domanskis Affidavit sets forth the attorney's fees and costs incurred in this matter by undersigned counsel. As set forth in the Domanskis Affidavit, there are $6,739.07 in legal fees and expenses, consisting of $6,170.00 in fees and $569.70 in expenses, incurred on behalf of Plaintiff in this matter through March 31, 2014, which are reflected in the total above.

10. In accordance with 735 ILCS 5/15-1507 and 28 U.S.C. § 2001(a), Plaintiff moves this Court to appoint Judicial Sales Corporation as Special Commissioner, who shall be authorized

to conduct a public sale of the subject property in accordance with the terms of the Judgment of Foreclosure. Judicial Sales Corporation is a duly authorized commissioner for the United States District Court for the Northern District of Illinois.

WHEREFORE, Plaintiff United Central Bank requests that the Court (i) enter the proposed Judgment of Foreclosure and Sale substantially in the form submitted to the Court; (ii) appoint Judicial Sales Corporation as Special Commissioner for the purposes of conducting a public foreclosure sale of the property in accordance with the terms set forth in the Judgment of Foreclosure and (iii) for such further relief as the Court deems just and proper.

Dated: April 2, 2014

| | |
|---|---|
| Nada Djordjevic (ARDC No. 6277380)<br>Boodell & Domanskis, LLC<br>353 North Clark Street, Suite 1800<br>Chicago, Illinois 60601<br>Telephone: (312) 938-4070  Fax: (312) 540-1162<br>ndjordjevic@boodlaw.com | Respectfully submitted,<br><br>**UNITED CENTRAL BANK**<br><br>By: */s/ Nada Djordjevic*<br>     One of its attorneys |